## R. J. THURMOND v. W. D. CARTER.

1. COUNTY CONTRACTOR. *Duties and liabilities. Medical attendance.*
   Under Code 1880, c. 79 (Acts 1878, p. 164), a contractor for State and county convicts is liable to physicians who attend them at the request of his agent who has them in custody.

2. SAME. *Principal and agent. Physician's bill.*
   The contractor who has long acquiesced in the reception of convicts by such person, and obtained the benefits thereof, cannot deny his authority to provide medical attendance.

3. SAME. *Receipt of prisoner. Redelivery.*
   If, under an arrangement with the board of supervisors to lodge his convicts, the agent instructs an officer who brings him one to put the prisoner in jail for the night, this does not constitute a redelivery.

APPEAL from the Circuit Court of Tippah County.

Hon. J. W. C. WATSON, Judge.

The appellee, a physician who attended a wounded convict, sued the appellant in a Justice's Court for the recovery of his bill, and the latter defended successfully upon the grounds that he was not liable for the debt, and that the suit should have been by the board of supervisors upon his bond as county contractor. The plaintiff appealed to the Circuit Court, where on the facts stated in the opinion he obtained a verdict. Upon the trial, however, the appellant excepted to the court's refusal to instruct that the county contractor might at any time deliver back to the sheriff for safe-keeping in the county jail any of the prisoners committed to him; and if a deputy sheriff so received this convict, who was shot while in his custody, the jury should find for the defendant, unless there was a contract, express or implied, to pay for medical attendance.

*Falkner & Frederick*, for the appellant.

When the prisoner was delivered to C. L. Harris, he immediately redelivered him to the deputy, and even if Harris was an agent of the appellant, the latter was, under § 8, Acts 1878, p. 168, no longer liable for any charges except his board, jail fees, and costs. The instruction was, therefore, erroneously refused. The entire proceeding is, however, misconceived.

Under the Statute (Acts 1878, p. 165) the contractor, Thurmond, is accountable for his treatment of convicts to the board of supervisors to whom he has given bond. In the absence of a contract for medical attendance on a prisoner, the contractor is not liable therefor to the physician. No such contract is shown, either in writing or verbal, by the appellant or any authorized agent. Code 1880, § 1292. If the bond is such a contract, the obligee should sue. *Metcalf* v. *Bruin,* 12 East, 400 ; *Miller* v. *Stewart,* 9 Wheat. 680. Acts of C. L. Harris, if he is an agent, do not bind Thurmond when outside the scope of his agency. *Fortner* v. *Parham,* 2 S. & M. 151 ; *Wilcox* v. *Routh,* 9 S. & M. 476 ; *Goodloe* v. *Godley,* 13 S. & M. 233. The weight of evidence is decidedly against the verdict, which should, for this reason, be set aside. *Otey* v. *McAfee,* 38 Miss. 348.

*L. Brame,* on the same side, argued orally and in writing.

The contractor, who was required to receive such prisoners only as were committed to the jail of the county (Acts 1878, p. 164), did not receive this convict. If Harris received the convict, he also redelivered him to the officer, as he had a right to do under Acts 1878, p. 168. When shot, the prisoner was not in the custody of the contractor. If, however, the convict were in the contractor's custody, this doctor had no right to intrude without being requested. Harris had no authority to bind the appellant for a medical bill. The latter did not know that the services were rendered, and had no intimation that he would be looked to for payment. He received no benefit, and has always denied liability.

*M. Green,* for the appellee, filed a brief and argued orally.

This suit is not on the contractor's bond, but is for services rendered, at the request of the contractor's agent, to a convict in his custody. Harris, who had authority to receive prisoners, possessed incidentally power to employ agencies essential to the preservation of their lives. Moreover, the statute under which Thurmond holds office makes him liable for medical attention (Acts 1878, p. 165, § 3), and the only question is whether the services were rendered. The instructions are correct, the evidence is with the plaintiff, and the verdict must stand.

*W. M. Inge,* on the same side, made an oral argument.

CHALMERS, C. J., delivered the opinion of the court.

Contractors for the labor of State and county convicts are bound to furnish them with suitable and necessary medical attention, both under the provisions of the Acts of 1878, p. 164, and those of the Code of 1880, c. 79. This obligation is part of the price of the labor obtained, and is exacted and enforced by the State both upon grounds of humanity and because it constitutes a part of the obligation voluntarily incurred by the contractor in making his bid for the convicts. Under no circumstances can the contractor rid himself of the duty, and if he devolves on another the custody and care of the convict he must be held to have delegated to him also the right of furnishing this attention at his cost, in cases where it is necessary and is furnished upon reasonable terms. He cannot be permitted to place the convict in the custody of another without any arrangement for securing medical attention, and when his agent calls in the services of a physician to repudiate the act and remit the physician to his action against the agent. It is a provision of law exacted by the State for the benefit of the convict, and the contractor will not be permitted to make any disposition of the prisoner which releases him even temporarily from his duty and from the obligation of his bond. It follows from these views that if the convict in this case was in the custody of an agent of the contractor, and while in that custody needed medical attention, and the plaintiff, a physician, at the instance and request of the agent, furnished his services upon reasonable and customary terms, the defendant is liable for the same.

Only two questions of fact of any importance are in dispute, namely: was the prisoner in the custody of C. L. Harris? and was Harris the agent of the contractor? Upon the question of the custody of the prisoner by Harris one witness only testifies, to wit, the deputy sheriff, who claims to have delivered him, and his testimony is quite emphatic. He says that when he carried the convict to Harris's house he then and there delivered him to the latter, who did not object to receiving him, but on the contrary requested the witness to take him over to the jail until morning, stating that he had made an arrangement with the board of supervisors of the county to

lodge convicts delivered to him in the jail temporarily at night. As the officer was carrying him to the jail in accordance with this request of Harris, the convict was shot. Harris at once appeared on the scene of action and directed a physician to be sent for. In obedience to the summons, the plaintiff came and rendered the necessary services, with the full knowledge and acquiescence of Harris, until the convict recovered. If Harris was the agent of the contractor for the reception and custody of convicts, the latter is liable to the doctor for the services rendered. The contractor says that Harris was not his agent to receive convicts, but the sheriff and the deputy sheriff both testify that they had long been in the habit of delivering the convicts indiscriminately to Harris or to the contractor in person, and more often to the former than to the latter. This is not denied by the contractor, though he had the opportunity to deny it. We must assume, therefore, that it was true. If so, the contractor could not silently acquiesce in such reception by Harris and obtain the benefit of it so long as it proved advantageous, and repudiate it when an unfortunate occurrence made it to his interest to do so. There was no evidence of anything like a surrender and redelivery of the prisoner back to the county upon the part of Harris or his principal, and therefore the charge asked by the defendant which was based on that view was properly refused.

*Affirmed.*